MAY - 7 2004



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 6, 2004

Martin Richey, Esq.
Federal Defender's Office
Boston, MA

Re: <u>United States v. Romano Candido</u>
    Reference Mag. NO. 04-1033-JGD

Dear Mr. Richey:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Romano Candido ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   <u>Change of Plea</u>

   At the earliest practicable date, Defendant shall waive Indictment and plead guilty to the two count Information, a copy of which is attached hereto. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in counts one and two of the Information, and is in fact guilty of those offenses.

   2.   <u>Penalties</u>

   Defendant faces the following maximum penalties: Count One: Imprisonment of ten years; $250,000 fine; three years of supervised release and mandatory special assessment of $100. Count Two: Imprisonment of fifteen years; $250,000 fine; three years of supervised release and mandatory special assessment of $100.

Defendant may also be deportable and/or excludable by the Bureau of Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3.  Sentencing Guidelines

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

The U.S. Attorney will take the position that the base offense level is 11 pursuant to U.S.S.G. §2L2.1(a) and that there is a three level enhancement pursuant to U.S.S.G. §2L2.1(b)(2)(A).

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) A term of incarceration at the low end of the applicable guideline range;

(b) A fine in an amount to be determined after review of the pre-sentence report unless the court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) Restitution in an amount to be determined after review of the pre-sentence report;

(d) Mandatory special assessment in the amount of $200;

(e) Supervised release for a period of two years.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11.   Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

5

### ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter **or** I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Romano Candido
Defendant

Date: 5·13·04

I certify that Romano Candido has read this Agreement or has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Martin Richey, Esq.
Attorney for Defendant

Date: 5·13·04

```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | CRIMINAL NO. |
| )         | VIOLATIONS: |
| )         | |
| )         | **COUNT ONE** |
| ROMANO CANDIDO     ) | **18 U.S.C.§1546(a)** |
| )         | (Fraud and Misuse of |
| )         |   Documents) |
| )         | **COUNT TWO** |
| )         | **18 U.S.C. §1028(a)(5)** |
| )         | (Document Making |
| )         |   Implements) |
| )         | **18 U.S.C.§2** |
| )         | (Aiding and Abetting) |

<u>INFORMATION</u>

The United States Attorney charges that:

**COUNT ONE**
**18 U.S.C. §1546(a)**
**(Fraud and Misuse of Documents)**

On or about February 19, 2004, in Lowell, in the District of Massachusetts,

**ROMANO CANDIDO**

the defendant herein, did knowingly forge, counterfeit and falsely make alien registration receipt cards, and other documents prescribed by statute or regulation as evidence of authorized stay and employment in the United States, to wit,

Social Security account number cards, knowing such cards to have been forged, counterfeited, altered, and falsely made.

All in violation of Title 18, United States Code, Section 1546(a) and Title 18, United States Code, Section 2.

## COUNT TWO
## 18 U.S.C. §1028(a)(5)
## (Possession of Document Making Implements)

On or about March 9, 2004, in Lowell, in the District of Massachusetts,

**ROMANO CANDIDO**

the defendant herein, did knowingly produce, transfer and possess document-making implements with the intent that such document-making implements would be used in the production of a false identification document or another document-making implement which would be so used.

All in violation of Title 18, United States Code, Section 1028(a)(5) and Title 18, United States Code, Section 2.