AO 245B Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.
ROMANO CANDIDO

**STATEMENT OF REASONS**

Case Number: **1: 04 CR 10157 - 001 - WGY**

J. Martin Richey
Defendant's Attorney

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

Total Offense Level: 12
Criminal History Category:
Imprisonment Range: 10 to 14 months
Supervised Release Range: 2 to 3 years
Fine Range: $ $3,000.00 to $ $30,000.00

Defendant's Soc. Sec. No.: none
Defendant's Date of Birth: 80
Defendant's USM No.: 25148-038
Defendant's Residence Address:

Defendant's Mailing Address:

07/21/04
Date of Imposition of Judgment

William G. Young
Signature of Judicial Officer

The Honorable William G. Young
Chief Judge, U.S. District Court
Name and Title of Judicial Officer

July 22, 2004
Date

DEFENDANT: ROMANO CANDIDO
CASE NUMBER: **1: 04 CR 10157 - 001 - WGY**

## STATEMENT OF REASONS

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ____________________

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT: ROMANO CANDIDO
CASE NUMBER: 1: 04 CR 10157 - 001 - WGY

## STATEMENT OF REASONS

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of a defendant's substantial assistance, or

☐ for the following specific reason(s):

☐ See Continuation Page

THE COURT: Thank you.

Mr. Romano Candido, in consideration of the offenses of which you stand convicted, the information from the United States Attorney, your attorney, and the probation officer, I do sentence you on each count to ten months in the custody of the United States Attorney General, the sentence on each count to run concurrent one with the other.

I do split the sentence, five months to be served in the custody of the United States Attorney General, five months in house arrest.

The five months in home confinement, you are permitted to leave home for the purpose of working, for the purpose of attending religious services, for the purpose of attending to any medical appointments of yourself or any child. You are likewise allowed to leave the home for the purpose of shopping for necessities, for groceries and for clothing and necessary home repairs, and nothing else. Other than that you are confined to your home.

It is not necessary that you wear an electronic bracelet, but if you violate the terms of this home confinement, I expect promptly to be informed and I will remit you to custody for the remainder of that time.

Thereafter you are placed on a period of supervised release for two years during which time you're

prohibited from possessing a firearm or other dangerous weapon. If deported you are ordered to leave the United States, not to return without the prior permission of the United States Attorney General. You are to use your true name and are prohibited from the use of any alias, false dates of birth, or other false identifiers.

Let me explain this sentence. You are convicted of crimes that are a significant problem for this country. The government has taken a reasonable position in your case and has urged the minimum possible sentence. I have imposed the minimum possible sentence and I have split it. Not to reward you in any respect, but rather, and I think candor is required, because as a practical matter you will either remain in custody until you are deported or another court of competent jurisdiction will make the determination that you can serve out the sentence on home, home confinement.

On reflection, I think all persons should be, convicted of the same crimes should be treated alike. There is no reason why an alien who commits a specific crime that winds up with a guideline sentence of ten months should have less of a chance at a split sentence than a citizen who has the same sentence. And so I think I ignore the practical consequences best by fashioning the sentence that I do.

You'll have credit toward the service of this sentence from --

MR. RICHEY: March 16th, your Honor.

THE COURT: -- March 16th, 2004. And I inform you that you have the right to appeal from any findings or rulings the Court has made against you.

That's the sentence of the Court. He's remanded to the custody of the marshals. We'll recess.

THE CLERK: All rise. Court is in recess.

(Whereupon the matter concluded.)